Bruce L. Mowery, OSB #73216
bmowery@cciservices.com
280 Liberty St. SE, Suite 206
Salem, Oregon 97301
　Telephone: (503) 480-7251
　Fax: (503) 779-2716

　　Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN TAYLOR, | Case No. _____ |
| Plaintiff, | |
| v. | Marion County Circuit Court<br>Case No. 06C18823 |
| KEIZER POLICE DEPARTMENT, an instrumentality or department of the City of Keizer, JEFFREY JOHNSON, JEFFREY K. GOODMAN, and CITY OF KEIZER, a municipality of the State of Oregon, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| Defendants. | |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:

Please take notice that defendants hereby remove this action from the Circuit Court of the State of Oregon for the County of Marion to the United States District Court for the District of Oregon, Eugene Division. This removal is based upon the following facts:

1.　　The above-named defendants are defendants in a civil action in the Circuit Court of the State of Oregon for the County of Marion entitled "*John Taylor v. Keizer Police Department, an instrumentality or department of the City of Keizer, Jeffrey Johnson, Jeffrey K. Goodman, and City of Keizer, a municipality of the State of Oregon,*" Case No. 06C18823.

Page 1 – **NOTICE OF REMOVAL TO FEDERAL COURT**

A copy of the Summons and Complaint in that action is attached to this Notice of Removal as Exhibit "1". Such Summons and Complaint constitutes all the process and pleadings "served" upon the defendants in the above action, to date.

2. The above action was commenced by the filing of the Complaint with the Circuit Court of the State of Oregon for the County of Marion on or about September 15, 2006. Pursuant to 28 USC § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by the defendants of plaintiff's Complaint.

3. This lawsuit is a civil action for which this Court has original jurisdiction (federal question) under 28 USC § 1331 and is one in which may be removed to this Court by defendants pursuant to the provisions of 28 USC § 1441(a). The case arises under 42 USC § 1983 and appears to allege a violation of the Constitution of the United States.

4. Written notice of the filing of this Notice of Removal will be given to the plaintiff as provided by law.

5. A true copy of this Notice of Removal will be filed with the Court Clerk of the Circuit Court of the State of Oregon the County of Marion, as provided by law.

WHEREFORE, defendants pray that the above action now pending against it in the Circuit Court of the State of Oregon for the County of Marion be removed to the United States District for the District of Oregon.

DATED this 10th day of November, 2006.

/s/ Bruce L. Mowery
BRUCE L. MOWERY
OSB #73216
(503) 480-7251
Attorney for Defendant

Page 2 – **NOTICE OF REMOVAL TO FEDERAL COURT**

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MARION

JOHN TAYLOR, )
       Plaintiff, )
   v. ) Case No.: 06C18823
 )
 ) SUMMONS
KEIZER POLICE DEPARTMENT, an )
instrumentality or department of the City of )
Keizer, JEFFREY JOHNSON, JEFFREY K. )
GOODMAN, and CITY OF KEIZER, a
municipality of the State of Oregon.
       Defendants.

TO: City of Keizer, 930 Chemawa Rd. NE, Keizer, OR 97303, Defendant.

    *YOU ARE HEREBY REQUIRED to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for relief demanded in the complaint.*

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800)452-7636.

_____
Luis A. Martinez, OSB #02383
Attorney for Plaintiff

STATE OF OREGON )
 ) ss
County of Marion )
    I, the undersigned attorney of record for plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
Attorney of Record for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the attached document or upon a separate similar document which you shall attach hereto.

Post office address at which papers in the above entitled action may be served by mail:
    Luis A. Martinez, P.C.
    187 High Street, NE, Suite 201
    Salem, OR 97301
    503-391-0281

_____
Attorney of Record for Plaintiff

Exhibit 1
Page 1 of 13

True Copy Attest [signature]

FILED
SEP 15 2006
Marion County Circuit Court

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| JOHN TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> KEIZER POLICE DEPARTMENT, an instrumentality or department of the City of Keizer, JEFFREY JOHNSON, JEFFREY K. GOODMAN, and CITY OF KEIZER, a municipality of the State of Oregon. <br><br> Defendants. | Case No.: 06C 18823 <br><br> COMPLAINT- CIVIL RIGHTS VIOLATIONS, FALSE IMPRISONMENT, NEGLIGENCE, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br><br> COMPLAINT - NOT SUBJECT TO MANDATORY ARBITRATION |

COMES NOW, Plaintiff, John Taylor, by and through his attorney, Luis A. Martinez, alleges as follows:

FIRST CLAIM FOR RELIEF

1.

At all material times herein, Plaintiff was a resident of Keizer, located in Marion County, Oregon.

2.

At all material times herein, Defendant Keizer Police Department was an instrumentality and agency within the City of Keizer, State of Oregon, and further acted pursuant to color of law as said term is utilized pursuant to 42 U.S.C. §1983.

///

///

PLAINTIFF'S COMPLAINT FOR INJURIES
-1

Luis A. Martinez, P.C.
187 High St. NE. Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit 1
Page 2 of 13

3.

At all times material herein, Defendants Jeffrey Johnson and Jeffrey K. Goodman were police officers employed by the Keizer Police Department pursuant to Oregon law. At all times material herein, Defendants Jeffrey Johnson and Jeffrey K. Goodman were acting under color of state law and in furtherance of their official duties as police officers for the City of Keizer.

4.

At all material times, Defendant City of Keizer was a municipality within Oregon, a sovereign state of the United States, and further acted pursuant to color of law as said term is utilized pursuant to 42 U.S.C. §1983.

5.

At all material times, Defendant Keizer Police Department was an instrumentality and agency within the City of Keizer, State of Oregon, and further acted pursuant to color of law as said term is utilized pursuant to 42 U.S.C. §1983.

6.

At all material times herein, Dearborn Avenue is a duly dedicated public thoroughfare running in a generally easterly and westerly direction with pedestrian sidewalks on each side of the road, in the City of Keizer, County of Marion, State of Oregon; and River Road is a duly dedicated public thoroughfare running in a generally northerly and southerly direction with pedestrian sidewalks on each side of the road in the City of Keizer, County of Marion, State of Oregon.

7.

On or about September 18, 2004, Mr. Taylor was on foot at the corner of Dearborn and River Road preparing to cross River Road when Defendants Jeffrey Johnson and Jeffrey K. Goodman exited their marked patrol car with their firearm drawn and aimed at Mr. Taylor demanding that he lay on the ground. Mr. Taylor complied by lying face down with his hands spread out of the way from his body. At no time did Mr. Taylor disobey Defendants Johnson

PLAINTIFF'S COMPLAINT FOR INJURIES - 2

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281   Fax 503-391-0283

Exhibit 1
Page 3 of 13

and Goodman's orders. Then without provocation Defendant Jeffrey Johnson, with the assistance of Defendant Goodman, kicked Plaintiff in the back forcing his face and head to strike the pavement. Then again without provocation or sudden movement on the part of Mr. Taylor Defendant Johnson, with the assistance of Defendant Goodman kicked Mr. Taylor in the head. At no time did either of the Defendants instruct Mr. Taylor to move away from or remove any personal items he may have been carrying in any bag or container. Mr. Taylor was then arrested placed in handcuffs and then into a marked police car where he was transported to another location. At some point later Mr. Taylor was released.

8.

Plaintiff has given notice to Defendants pursuant to the Oregon Tort Claims Act on October 22, 2004 to the entity designated by the City of Keizer and City of Keizer Police to handle claims presented against the city.

# FIRST CLAIM FOR RELIEF
# CONSTITUTIONAL AND CIVL RIGHTS VIOLATIONS
(United States Constitution 4th, 5th, and 14th Amendments and 42 U.S.C. §1983)

9.

Mr. Taylor realleges and incorporates by reference paragraphs 1 through 8 above.

10.

This Court has jurisdiction to hear claims arising under 42 U.S.C. §1983 and the United States Constitution.

11.

Mr. Taylor was in the care, custody and control of Defendants Johnson and Goodman, and not at liberty to leave the premises, and detained by Defendants Johnson and Goodman, City of Keizer Police Department, and the City of Keizer.

///

///

PLAINTIFF'S COMPLAINT FOR INJURIES - 3

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit 1
Page 4 of 13

12.

Defendants Johnson and Goodman, by virtue of their status as City of Keizer Police Officers, were empowered to initiate procedures to investigate reported criminal activities and to arrest civilians.

13.

Mr. Taylor had the right to be free from excessive and unwarranted force and battery against his person and property, and to be free from deprivation of liberty without due process of law; he had the right to a reasonable safe investigation by Defendants Johnson and Goodman. These rights are derived from the 4th, 5th, and 14h Amendments to the United States Constitution.

14.

Defendants Johnson and Goodman committed substantial departures from accepted standards of investigating, search and seizure, and arrest procedures resulting in the violation of Mr. Taylor's constitutional rights as alleged above in the following particulars:

    a.    By using excessive force, as more specifically described below, in detaining and arresting Mr. Taylor, and/ or

    b.    By depriving Mr. Taylor of his liberty without due process rights.

15.

In the alternative to paragraph 14 above, Defendants Johnson and Goodman followed policy or longstanding practice or custom established by the Keizer Police Department for investigating, search and seizures, and arrest procedures. That such policies resulted in a violation of Mr. Taylor's constitutional rights as alleged above in the following particulars:

    a.    By using excessive force, as more specifically described below, in detaining and arresting Mr. Taylor, and/ or

    b.    By depriving Mr. Taylor of his liberty without due process rights.

///
///

PLAINTIFF'S COMPLAINT FOR INJURIES - 4

Luis A. Martinez, P.C.
187 High St. NE. Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit 1
Page 5 of 13

16.

The actions of Defendants Johnson and Goodman were a clear violation of Mr. Taylor's 4th Amendment right to be free from excessive force. The Defendants' conduct mentioned in paragraph 7 above was not objectively reasonable in light of the facts and circumstances confronting them.

17.

The actions of Defendants Johnson and Goodman were violations of Mr. Taylor's rights pursuant to the 4th, 5th, and 14th Amendments of the United States Constitution and were further performed under the color of state law and deprived Mr. Taylor of his rights provided by the aforementioned sections of the United States Constitution and pursuant to 42 U.S.C. §1983. Mr. Taylor's right against conduct rising to the level of excessive use of force in the manner described in paragraph 7 above is a clearly established right and a reasonable police officer in Defendants Johnson and Goodman position would know that such conduct was in violation of Mr. Taylor's rights under the Constitution.

18.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has suffered the following permanent injuries:

    a. Physical and mental pain and suffering

    b. A pulling, tearing, and straining of the tissues, muscles, ligaments, and nerves of the neck, shoulders, and back; and

    c. Injury and damage to the vessels of the brain, head contusions, inner ear concussion, traumatic tinnitis with post-traumatic headaches, dizziness, vertigo,

    d. Distal sensory polyneuropathy, and

    e. Permanent hearing loss.

PLAINTIFF'S COMPLAINT FOR INJURIES - 5

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit 1
Page 6 of 13

f.   Mr. Taylor has suffered mental and emotional distress in the form of trauma, anxiety, and fear. Mr. Taylor experienced and continues to suffer stress, anxiety, fear of police officers and concerns for personal safety.

These injuries have caused non-economic damages to Mr. Taylor in the amount of $2,500,000.

19.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of medical costs in an amount to be proven at trial but not less than $15,000 and will incur future medical expenses of an amount to be determined before trial.

20.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of lost income in an amount to be determined at trial but not less than $2,000.

21.

Defendants Johnson and Goodman's actions were undertaken maliciously and in wanton disregard for Mr. Taylor's civil rights and his health, safety, and welfare. Mr. Taylor reserves his right to amend his complaint to seek punitive damages.

22.

Mr. Taylor should be awarded attorney fees pursuant to 42 U.S.C. §1983.

23.

Mr. Taylor requests a trial by jury.

## SECOND CLAIM FOR RELIEF
## FALSE IMPRISONMENT

24.

Mr. Taylor reallages and incorporates by reference paragraphs 1 through 23 above.

///

PLAINTIFF'S COMPLAINT FOR INJURIES - 0

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit 1
Page 7 of 13

25.

As alleged, Mr. Taylor was taken into custody by Defendants Johnson and Goodman, he was interrogated by the Defendants and held and detained for a period of time with full restraint of his freedom.

26.

Mr. Taylor's arrest and confinement was unlawful as Defendant Johnson and Goodman made the arrest without probable cause under the Oregon or the United States Constitution.

27.

At all material times herein, Defendants Johnson and Goodman intended to restrict Mr. Taylor's freedom.

28.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has suffered the injuries as outlined in paragraph 18 above and caused non-economic damages to Mr. Taylor in the amount of $2,500,000.

29.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of medical costs in an amount to be proven at trial but not less than $15,000 and will incur future medical expenses of an amount to be determined before trial.

30.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of lost income in an amount to be determined at trial but not less than $2,000.

///

///

///

PLAINTIFF'S COMPLAINT FOR INJURIES
- 7

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit 1

Page 8 of 13

31.

Defendants Johnson and Goodman's actions were undertaken maliciously and in wanton disregard for Mr. Taylor's civil rights and his health, safety, and welfare. Mr. Taylor reserves his right to amend his complaint to seek punitive damages.

### THIRD CLAIM FOR RELIEF

### NEGLIGENCE

32.

Mr. Taylor reallages and incorporates by reference paragraphs 1 thru 31 above.

33.

Defendants acted unreasonably and negligently in the following particulars:

a.  In failing to provide proper training to Defendants Johnson and Goodman in the use of appropriate force, investigation, and arrest procedures; and/ or

b.  In failing to supervise the activities of Defendants Johnson and Goodman.

34.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has suffered the injuries as outlined in paragraph 18 above and caused non-economic damages to Mr. Taylor in the amount of $2,500,000.

35.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of medical costs in an amount to be proven at trial but not less than $15,000 and will incur future medical expenses of an amount to be determined before trial.

36.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of lost income in an amount to be determined at trial but not less than $2,000.

PLAINTIFF'S COMPLAINT FOR INJURIES - 8

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281   Fax 503-391-0283

Exhibit 1
Page 9 of 13

37.

Defendants Johnson and Goodman's actions were undertaken maliciously and in wanton disregard for Mr. Taylor's civil rights and his health, safety, and welfare. Mr. Taylor reserves his right to amend his complaint to seek punitive damages.

### FOURTH CLAIM FOR RELIEF

### BATTERY

38.

Mr. Taylor realleges and incorporates by reference paragraphs 1 thru 37 above.

39.

Defendants' contact with Mr. Taylor was a voluntary act caused by an instrumentality within the custody and control of Defendants, causing harmful and offensive contact with Mr. Taylor resulting in injury to Plaintiff.

40.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has suffered the injuries as outlined in paragraph 18 above and caused non-economic damages to Mr. Taylor in the amount of $2,500,000.

41.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of medical costs in an amount to be proven at trial but not less than $15,000 and will incur future medical expenses of an amount to be determined before trial.

42.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of lost income in an amount to be determined at trial but not less than $2,000.

///

PLAINTIFF'S COMPLAINT FOR INJURIES
- 9

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit ___1___
Page 10 of 13

43.

Defendants Johnson and Goodman's actions were undertaken maliciously and in wanton disregard for Mr. Taylor's civil rights and his health, safety, and welfare. Mr. Taylor reserves his right to amend his complaint to seek punitive damages.

### FIFTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.

Mr. Taylor realleges and incorporates by reference paragraphs 1 thru 43 above.

45.

By beating, arresting and confining Mr. Taylor with no legal right or probable cause to do so, Defendants intended to inflict severe mental or emotional distress, or at least Defendant knew or should have known that its actions would cause severe physical, mental, and emotional distress to Mr. Taylor.

46.

Defendants' beating, arresting and confining Mr. Taylor with no probable cause or legal right to do so caused Mr. Taylor severe physical, mental and emotional distress, as alleged herein and incorporated by reference.

47.

Defendants' beating, arresting and confining Mr. Taylor with no probable cause or legal right to do so represents an extraordinary transgression of the bounds of socially tolerable conduct, since such actions were unlawful.

48.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has suffered the injuries as outlined in paragraph 18 above and caused non-economic damages to Mr. Taylor in the amount of $2,500,000.

///

PLAINTIFF'S COMPLAINT FOR INJURIES
-10

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit __1__

Page __11__ of __13__

49.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of medical costs in an amount to be proven at trial but not less than $15,000 and will incur future medical expenses of an amount to be determined before trial.

50.

As a direct and proximate result of the unreasonable and unlawful actions of Defendants, Mr. Taylor has incurred economic damages in the form of lost income in an amount to be determined at trial but not less than $2,000.

51.

Defendants Johnson and Goodman's actions were undertaken maliciously and in wanton disregard for Mr. Taylor's civil rights and his health, safety, and welfare. Mr. Taylor reserves his right to amend his complaint to seek punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### FIRST CLAIM FOR RELIEF

1. Plaintiff's economic damages in an amount no less than $17,000,
2. Plaintiff's non-economic damages in the amount of $2,500,000,
3. Plaintiff's costs and disbursements incurred herein,
4. Plaintiff's reasonable attorney fees as allowed under 42 U.S.C. § 1983, and
5. Such other relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF

1. Plaintiff's economic damages in an amount no less than $17,000,
2. Plaintiff's non-economic damages in the amount of $2,500,000,
3. Plaintiff's costs and disbursements incurred herein, and
4. Such other relief as the Court deems appropriate.

///

PLAINTIFF'S COMPLAINT FOR INJURIES
-11

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit ___1___
Page 12 of 13

### THIRD CLAIM FOR RELIEF

1. Plaintiff's economic damages in an amount no less than $17,000,
2. Plaintiff's non-economic damages in the amount of $2,500,000,
3. Plaintiff's costs and disbursements incurred herein, and
4. Such other relief as the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF

1. Plaintiff's economic damages in an amount no less than $17,000,
2. Plaintiff's non-economic damages in the amount of $2,500,000,
3. Plaintiff's costs and disbursements incurred herein, and
4. Such other relief as the Court deems appropriate.

### FIFTH CLAIM FOR RELIEF

1. Plaintiff's economic damages in an amount no less than $17,000,
2. Plaintiff's non-economic damages in the amount of $2,500,000,
3. Plaintiff's costs and disbursements incurred herein, and
4. Such other relief as the Court deems appropriate.

DATED this 15 day of September, 2006

LUIS A. MARTINEZ, P.C.

*[signature]*

Luis A. Martinez          OSB # 02383
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT FOR INJURIES
-12

Luis A. Martinez, P.C.
187 High St. NE, Suite 201; Salem, Or 97301
Tel. 503-391-0281  Fax 503-391-0283

Exhibit 1
Page 13 of 13