IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN TAYLOR                                Civ. No. 06-6283-HO

    Plaintiff,                          ORDER

  v.

KEIZER POLICE DEPARTMENT, et al.,

    Defendants.

Defendants removed this action from the Circuit Court of the State of Oregon for Marion County. The complaint includes a Section 1983 claim for violation of the Fourth Amendment of the United States Constitution, and state law claims for false imprisonment, negligence, battery and intentional infliction of emotional distress.[1] Defendants filed a motion for summary judgment. Plaintiff filed a motion for leave to file an amended complaint. Defendants styled a portion of their reply brief as a

---

[1] Plaintiff concedes his claims for violation of the Fifth and Fourteenth Amendment.

motion to strike plaintiff's evidence. The court will consider defendants' arguments that plaintiff's evidence is inadmissible. The court will not strike the evidence from the record, however. For the reasons that follow, defendants' motion for summary judgment is granted as to plaintiff's claim for violation of 42 U.S.C. § 1983, and otherwise denied; plaintiff's motion for leave to file an amended complaint is denied without prejudice as provided herein; and plaintiff's state law claims are remanded to the Circuit Court of Oregon for Marion County.

## Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In the posture of this case, leave to file an amended complaint is freely given when justice so requires. Fed. R. Civ. P. 15(a).

I. Defendants' Objections to Plaintiff's Evidence

Defendants urge the court to ignore paragraph four of plaintiff's declaration, because the statements in the paragraph contradict plaintiff's deposition testimony. Plaintiff's declaration may explain an honest discrepancy, and is not inconsistent with paragraph seven of the complaint. Plaintiff has not created a sham disputed issue of material fact to avoid summary judgment. The court does not disregard this portion of the declaration. See Leslie v. Grupo ICA, 198 F.3d 1152, 1157-58

2 - ORDER

(9th Cir. 1999).

The court disregards the hearsay statement in paragraph eight of plaintiff's declaration that plaintiff's doctors diagnosed tinnitis and permanent hearing loss.

II. Undisputed Facts

Except where noted, the following facts are undisputed.

On September 18, 2004, Officers Jeffrey Johnson and Jeffrey Goodman of the City of Keizer Police Department were on patrol in separate marked vehicles. At 3:39PM, the officers responded to a dispatcher's report of an armed robbery. The dispatcher reported an armed robbery at a Best Buy Food Mart. The dispatcher described the suspect as a white adult male, mid-30's, 5'8" tall, medium build and wearing a brown leather jacket and black pants.

The suspect fled with cash southbound on River Road North (River Road). The Best Buy Food Mart is located on the west side of River Road.

The officers traveled east on Dearborn Avenue and approached River Road at a high rate of speed. Johnson observed plaintiff standing at the northeast corner of River Road and Dearborn Avenue, about one block south the Best Buy Food Mart. According to Johnson, plaintiff appeared approximately 5'8" in height, of medium build, wore a brown leather jacket and black pants, and held a plastic bag. According to Johnson, the bag appeared heavy because it was stretched, the contents of the bag were not

3 - ORDER

identifiable, Johnson believed the bag might contain a weapon, no other pedestrians were in the area, and plaintiff turned away from him to the west and placed a hand in his pocket, "possibly for a weapon, the gun used in the robbery."  Plaintiff admits that he is 5'9" tall, he wore a brown leather jacket and black pants, he held a clear plastic bag in his hands, and he was the only pedestrian in the area.

Goodman heard Johnson radio that he observed the suspect. Goodman drove to the right of Johnson's patrol car, came up over the curb and stopped.  The officers did not activate sirens or overhead lights en route.

The officers gave verbal commands and Goodman approached with his weapon at a 45 degree angle to the ground.  Plaintiff turned to look at the officers and got down on the ground, placing the plastic bag under his face.  Goodman activated the overhead lights on his patrol car after plaintiff had begun to obey Johnson's orders.  Johnson did not form the opinion that plaintiff was going to flee.  Plaintiff contends he was unaware of the officers' presence until Johnson spoke to him, he was passive and he obeyed Johnson's commands.

According to Johnson, plaintiff began to get up as the officers approached, and Johnson placed his foot on the middle of plaintiff's back and commanded plaintiff to remain on the ground. According to plaintiff, Johnson placed his foot on plaintiff's

back and forcibly pushed plaintiff down as plaintiff began to lie face down in response to Johnson's command to do so.

For officer safety, Johnson used the side of his right foot to sweep the plastic bag aside to his left, away from plaintiff. Plaintiff states that Johnson's right foot contacted his left eyebrow area. Johnson maintains that his foot remained in contact with the ground. Johnson does not contend that his foot did not contact plaintiff's eyebrow area. Johnson did not ask plaintiff to lift his head before sweeping his head to remove the bag. Plaintiff' eyeglasses were damaged during the encounter with Johnson.

Goodman handcuffed plaintiff. The officers moved plaintiff into Johnson's patrol car. The officers obtained plaintiff's identification. Plaintiff explained he was walking home from Walgreens which is located a short distance north on River Road. Johnson explained that plaintiff matched the dispatcher's description of the robbery suspect. The officers communicated the plaintiff's name and identifying features to the dispatcher. The dispatcher reported no warrants for plaintiff. Johnson and Goodman arranged to have another officer transport the robbery victim to identify plaintiff. The victim advised that the perpetrator of the robbery was younger than plaintiff. Johnson immediately uncuffed plaintiff. Johnson drove plaintiff to an optometrist's office, but the office was closed. Johnson then

drove plaintiff to his residence and gave him a business card. Plaintiff had no visible injury and complained of none.

According to Johnson, plaintiff's only complaint was that his eye glasses were bent. Goodman observed that plaintiff's eye glasses were bent slightly. According to Goodman, there were no marks on plaintiff's face. Plaintiff did not complain of pain or injury to the officers.[2]

Plaintiff contends that he continues to experience ringing in the ears and headaches following this incident.

Plaintiff was cooperative. The officers did not observe plaintiff violate any law.

Exhibit A to the Mowery Declaration is a video recording of a portion of the officers' contact with plaintiff on September 18, 2004. Plaintiff was on the ground for less than one minute. The dispatcher reported no outstanding warrants for plaintiff approximately six minutes into the stop. The robbery victim arrived on the scene at approximately 8 minutes into the stop. Less than ten minutes into the stop, the officers informed the dispatcher they were giving plaintiff a ride home.

III. Discussion

There is no evidence to support plaintiff's claim for

---

[2]Plaintiff denies that he only complained of bent glasses, that his face bore no marks, and that he did not complain of pain or injury. Plaintiff produced no admissible contrary evidence, however.

municipal liability for violation of Section 1983. The evidence is insufficient to support a Section 1983 claim for excessive force against the officers. Viewing the evidence in the light most favorable to plaintiff, the use of force in the circumstances is objectively reasonable.[3] See Graham v. Connor, 490 U.S. 386, 396-97 (1989). Plaintiff substantially resembled the dispatcher's description of the armed robbery suspect. Even if excessive, a reasonable officer could believe that the degree of force used was lawful. The officers are entitled to qualified immunity. Defendants are entitled to summary judgment on plaintiff's Section 1983 claim.

Plaintiff seeks leave to file an amended complaint to better indicate that he sues Johnson and Goodman in their individual capacities, to eliminate his Section 1983 claim for violation of the Fifth and Fourteenth Amendments, and to replace the negligence claim against the police department with a negligence claim against Johnson and Goodman. The first two proposed amendments are moot.

The court will remand the state law claims to the Circuit Court of the State of Oregon for Marion County. The sole federal claim is resolved in favor of defendants, and the court has not

---

[3] Though the complaint alleges that Goodman assisted Johnson in kicking plaintiff, there is no evidence that Goodman used force against plaintiff, except to give verbal commands and hold his gun at "low ready."

7 - ORDER

expended significant resources such that duplication of effort with the state court is a major concern.  Plaintiff's motion for leave to file an amended complaint is therefore denied without prejudice to plaintiff to file, in the state court, a motion for leave to amend the negligence claim.

## Discussion

Based on the foregoing, defendant's motion for summary judgment [#12] is granted as to plaintiff's Section 1983 claim, and otherwise denied; plaintiff's motion for leave to file an amended complaint [#31] is denied without prejudice as provided herein.  Plaintiff's state law claims are remanded to the Circuit Court of the State of Oregon for Marion County.  This action is dismissed.

It is so ordered.

Dated this __17th__ day of October, 2007.

                                                ___s/ Michael R. Hogan___
                                                United States District Judge